

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. WR-89,946-01 AND WR-89,946-02

### EX PARTE CANAAN LEVI ESTES, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CR15003892-D AND CR15002455-D IN THE 105TH DISTRICT COURT FROM NUECES COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation in the -02 case on a plea of "not guilty." Applicant entered into a plea agreement whereby he waived a jury trial on punishment in the -02 case and received a twenty-year sentence in that case, to run concurrently with a fifteen-year sentence in the -01 assault case, to which he pleaded *nolo contendere*.

Applicant filed untimely notice of appeal in both cases, and the Thirteenth Court of Appeals dismissed the appeals both because notice of appeal was untimely and because the trial court

certified that these were plea-bargain cases and that Applicant had no right to appeal. *Estes v. State*, Nos. 13-17-00497-CR and 13-17-00498-CR (Tex. App. — Corpus Christi - Edinburg, Oct. 5, 2017) (not designated for publication).

Applicant contends, among other things,[1] that trial counsel rendered ineffective assistance because trial counsel coerced him into entering into the agreement by informing Applicant and/or his relatives that Applicant would receive a sixty-five year sentence from the jury if he did not accept the punishment plea offer in the -02 case, and because any sentence in the -01 case would be stacked on the sentence in the -02 case. Applicant also alleges that trial counsel advised him that he was waiving his right to appeal by entering into the plea agreement, but also advised him that he could still appeal with the permission of the trial court. Applicant alleges that he instructed trial counsel to seek permission to appeal from the trial court, but that trial counsel refused or failed to do so before the deadline for filing notice of appeal had passed.

Applicant has alleged facts that, if true, might entitle to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state whether he represented to Applicant or his family members that Applicant would receive a sixty-five year sentence or any other specific sentence, or that his sentences in these two cases would be ordered to run consecutively if he did not enter into the plea agreement. In addition, trial counsel shall state whether Applicant asked trial counsel to seek

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

permission from the trial court to appeal in these cases, and if so, whether trial counsel made such a request. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of the written plea admonishments in both cases, and of any express waivers of the right to appeal if such a waivers were entered in either case. The trial court shall also supplement the habeas record with copies of the trial court's certification of defendant's right to appeal in both cases. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: June 12, 2019
Do not publish